Jeanell Hollie **LALONDE**, Plaintiff-Appellant,

v.

**ASSOCIATED PIPELINE CONTRAC-TORS, INC.**, et al., Defendants-Appellees.

No. 74–1431

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 11, 1974.

Felix A. DeJean, III, Patrick C. Morrow, Opelousas, La., for plaintiff-appellant.

Harry S. H. Verlander, Jr., New Orleans, La., for Assoc. Pipeline Contractors.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Henry L. Klein, New Orleans, La., for Bonnie F. Hollie.

Hugh C. Uhalt, New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant challenges the District Court's summary judgment denying Louisiana workmen's compensation benefits to her four minor children as a matter of state law. We affirm the District Court's summary judgment in favor of Appellee on the issue of Appellant's right to recover benefits as a matter of state law, however, we vacate and remand for reconsideration and further development of the record on the question of whether the law as authoritatively construed by the Courts of Louisiana constitutes a denial of equal protection of the laws under the Fourteenth Amendment.

Appellant's former husband and the father of her four children was killed in an automobile accident allegedly within the scope of his employment with Associated Pipeline.[1] The employer is covered by a workman's compensation insurance program with Employers Commercial Union Insurance Company.

On affidavits and the pre-trial conference the District Court found that under the divorce decree the deceased had been ordered to pay child support to the minor children but that the children had not lived with the deceased for more than four years and had not received any contributions toward support for over two years prior to the date of death.

As the District Court pointed out, in order to be eligible for work-men's compensation benefits under Louisiana law a child must qualify as an "actual dependent." La.Rev.Stat. 23:1251–23:1254. A child under the age of 18 is conclusively presumed to be actually dependent if living with the parent at the time of death. If not living with the parent at the time of death dependency is a question of fact. La.Rev.Stat. 23:1252. Where actual dependency cannot be presumed, Louisiana precedent requires a showing that the deceased was actually contributing to the support of the child at the time of death; a legal or moral obligation to contribute is insufficient. Haynes v. Loffland Bros. Co., 1949, 215 La. 280, 40 So.2d 243; Griffitts v. Tiger Well Service, Inc., 1969, La.App. 3 Cir., 226 So.2d 175, cert. denied, 254 La. 852, 227 So.2d 594. The law may seem harsh but it is clear. The District Court correctly concluded that the minor children were ineligible for relief.

In response to the motion for summary judgment, Appellant filed a memo conceding that the law of Louisiana seemed to preclude relief but arguing that the State's policy of permitting a child who was actually receiving support from the decedent to recover workmen's compensation benefits while denying such recovery to a child who was *merely* morally and legally entitled to receive such support violated the equal protection clause of the Fourteenth Amendment. In granting Appellee's motion for summary judgment, the District Court relied entirely on the preclusive effect of state law and did not address the constitutional issue.[2]

Since the constitutional challenge was in fact raised before the District Court and since it would fairly appear that it constitutes Appellant's only really colorable claim for relief, we must remand

---

1. Bonnie Hollie the deceased's wife at the time of death was the original plaintiff in the litigation below and has filed a brief as Appellee in support of summary judgment against Appellant.

2. We note that it is clear from the record, especially from the District Court's F.R.

Civ.P. 54(b) certification that it intended to grant a complete and final judgment as to all of Appellant's claims thus this is not a case of partial summary judgment in which the constitutional issue has been reserved for a later point in the proceedings.

for further factual and legal development of the record on that issue. The District Court should consider inviting the State to intervene in order to present whatever legitimate justifications may be raised in defense of the challenged distinction.

Affirmed in part, vacated and remanded in part.