YELVERTON, Judge.
This is a workmen’s compensation death case presenting the rival claims of a wholly dependent widow and a partially dependent illegitimate acknowledged minor child.
The suit was filed by Leola Jackson Ruffin as the widow of Arthur Ruffin. He was electrocuted on July 4, 1973, while in the employ of Falcon Chemical Corporation. The action was brought against the workmen’s compensation insurer of Falcon. At the time of his death Ruffin was earning wages in excess of $400 per week as an electrician. Leola Jackson Ruffin and Arthur Ruffin were living together when he died. The widow demanded the maximum benefits of $65 per week.
Annette Thornton, in her capacity as natural tutrix of Patrese M. Ruffin, a minor, intervened, claiming a share of the compensation benefits for her daughter as the acknowledged illegitimate child of Arthur Ruffin. The trial judge found as a fact that the minor child had been informally acknowledged by her father and that accordingly the child was reclassified to the status of a legitimate for purposes of workmen’s compensation. The child was not living in her father’s household.
The workmen’s compensation insurer, Travelers Insurance Company, admitted responsibility for maximum workmen’s compensation benefits and provoked a concur-sus between the claiming parties.
The trial court found that the widow was wholly dependent upon her deceased husband by virtue of the conclusive presumption established by LSA-R.S. 23:1251 *880 which applies when the wife was living with her husband at the time of his death. The trial judge made a finding of fact that the minor was not wholly dependent on her deceased father, but only partially dependent.
On these facts the trial judge applied LSA-R.S. 23:1232, which provides that the widow is entitled to 32%% of her husband’s wages not to exceed $65 per week. Observing that the widow’s payments thus exhausted the maximum workmen’s compensation benefits available, the court awarded the maximum benefits to the widow, Mrs. Leola Ruffin. Judgment was rendered rejecting the demands of Annette Thornton, denying workmen’s compensation benefits to the minor only because the maximum benefits were exhausted by the entitlement of the deceased’s widow to 32%% of his wages, or the maximum of $65 per week. In reaching the conclusion that the minor was not entitled to benefits, the court applied LSA-R.S. 23:1252, which provides that when a claimant wholly dependent takes up the maximum compensation, the claimant partially dependent receives no part thereof. From this decision an appeal was taken on behalf of the minor claimant. We affirm the trial court.
This appeal involves only a question of law. The appellant does not quarrel with the trial court’s findings of fact. It is appellant’s contention that the trial court erred as a matter of law in holding that the wholly dependent widow is entitled to the entire workmen’s compensation benefit to the total exclusion of the partially dependent child.
There is no case in Louisiana dealing with this precise situation. However, the workmen’s compensation act and the persuasiveness of the established jurisprudence dealing with the subject of priorities among claimants favor the conclusion reached herein by the trial court.
The applicable portions of the applicable sections of the act are as follows :
“Sec. 1231. Death of employee; payment to dependents
“ . . . Tf the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.”
“Sec. 1232. Allocation to dependents; schedule of payments
“Payment to dependents shall be computed and divided among them on the following basis:
“(1) If the widow or widower alone, thirty-two and one-half per centum of wages.
“(2) If the widow or widower and one child, forty-six and one-quarter per cen-tum of wages.
“(3) If the widow or widower and two or more children, sixty-five per centum of wages.
“(4) If one child alone, thirty-two and one-half per centum of wages of deceased.
“(5) If two children, forty-six and one-quarter per centum of wages.
“(6) If three or more children, sixty-five per centum of wages.
“(7) If there are neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there are both father and mother, sixty-five per centum of wages.
“(8) If there are neither widow, widower, nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one- *881 half per centum of wages for one, and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents.”
“Sec. 1251. Persons conclusively presumed dependents
“The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee :
“(1) A wife upon a husband with whom she is living at the time of his accident or death.
“(2) A husband, mentally or physically incapacitated from wage earning, upon a wife with whom he was living at the time of her accident or death.
“(3) A child under the age of eighteen years (or other eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent.”
“Sec. 1252. Determination of dependency in other cases
“In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.”
It is clear from the statute and it is recognized by the jurisprudence that Sec. 1232 provides a schedule of how wholly dependent persons are to be paid, and Sec. 1231 provides a method of how partially dependent persons are to be paid. Patin v. T. L. James and Co., Inc., 218 La. 949, 51 So.2d 586. Where there are several wholly dependent persons, some belonging to a class preferred over the others, such as parents over brothers and sisters, the amount due each will be paid until the maximum is exhausted, and payment to those of a preferred class does not foreclose payment also to those of a deferred class, as long as part of the maximum remains, but when the maximum is exhausted, wholly dependent persons in the deferred classes must suffer the deficiency. Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177; Patin v. T. L James and Company, Inc., 218 La. 949, 51 So.2d 586; Freeman v. New Amsterdam Casualty Company, 199 So.2d 356 (La.App., 3rd Cir., 1967); Venable v. Liberty Mutual Insurance Company, 142 So.2d 639 (La.App., 3rd Cir., 1962); Darce v. Calcasicu Paper Company, 85 So.2d 659 (La.App., 1st Cir., 1956); McDonald v. Louisiana, Arkansas and Texas Transportation Company, 28 So.2d 502 (La.App., 2nd Cir., 1946) and Hamilton v. Consolidated Underwriters, 21 So.2d 432 (La.App., 2nd Cir., 1945).
The above principles apply to a permutation of claimants who are all wholly dependent but belong to different preference classes. What we have here is the opposite permutation: all claimants belong to the same preference class, but they are not wholly dependent.
If the legislature intended that wholly dependents in deferred classes should be excluded when maximum compensation was taken up by persons in deferred classes, then surely it was the intent to exclude those partially dependent if the maximum was taken up by preferred claimants. That is precisely what the legislature said by means of Sec. 1252:
“ . . .if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.”
Mrs. Thornton, on behalf of Patrese Ruffin, urges us to interpret the *882 language just quoted from Sec. 1252 to mean that only a plurality of wholly dependent claimants can preclude a partial dependent from recovering any benefits. The argument is advanced that the priority does not exist in favor of the widow alone, that a single wholly dependent cannot exhaust the death benefits, because the quoted language uses the plural form “persons” suggesting that the legislature intended that a plurality of persons wholly dependent must exist before persons partially dependent can be excluded. The argument is invalid. The term “persons” used in Sec. 1252 refers to the wholly dependent class of dependents. Tf the legislature had intended for apportionment of benefits between total and partial dependents, where the benefits were exhausted, such a formula would have been provided. The legislature did not provide for such an apportionment. Instead, it provided that a wholly dependent would be compensated exclusively for the loss of the wage earner on whom she was totally dependent, and in the event recovery by a total dependent did not consume the compensation benefits, then and only then would the partial dependent be entitled to benefits.
In support of hei arguments, appellant requested us to consider three cases. We have considered them. Pointe Coupee Electric Membership Corporation v. Pettey, 6 So.2d 764 (La.App., 1st Cir., 1942), dealt with a deceased who left a dependent widow by his second marriage and a dependent child living with his first wife. So far, the analogy with the instant facts is perfect. But when the comparison is made in terms of the extent of the dependency, at once the difference is apparent: in the Pointe Coupee case both the widow and the child were wholly dependent. That case, therefore is not authority for holding that one total and one partial dependent residing separately, must share the compensation award. Nor do the remaining cases cited by appellant support her contentions. Patin v. T. L. James and Company, Inc., cited above, involved a wholly dependent nephew who resided with the deceased and a partially dependent mother. Compensation was divided between them, but only because the wholly dependent’s claim did not exhaust the maximum allowable benefits. Tn fact, in that case, the combined claims did not exhaust the maximum allowable benefits. Holland v. Marquette Casualty Company, 95 So.2d 87S (La.App., 1st Cir., 1957) held that where a deceased workman left a widow and two wholly dependent children, they took the entire benefits to the exclusion of a partially dependent child by a former marriage. Appellant, suggesting that the partially dependent child was precluded from recovering because there was a plurality of claimants or “persons” wholly dependent, offers the Holland case in support of her construction of LSA-R.S. 23:1252. We find nothing in that case to suggest that its authors had in mind that Sec. 1252 has no application where the wholly dependent category is occupied by a single claimant.
Finally, appellant urges that our traditional committment to a liberal interpretation of the Act should compel us to decide favorably to this child who was found dependent upon her father to the extent of $15 per week. Liberality in the ap-lication of the act does not extend to increasing the maximum compensation available, and only by increasing the maximum available compensation could we find the partially dependent claimant entitled to benefits. There is only $65 a week available. The legislature has decreed that it is better for the wholly dependent widow to receive the entire amount than to share it with a child who was not residing in the household of her father and who was only partially dependent upon him. There is much wisdom in a rule that requires that a totally dependent person should be compensated preferentially, even to the exclusion of a partial dependent. It is in keeping with the economic farsightedness of the Workmen’s Compensation Act. That provision was made to protect persons whose welfare is entirely dependent upon an employee’s ability to work. Persons whose depend *883 ence is only partial, who do not share in the absolute financial reliance upon the workman for their support, are not so damaged by the loss of their provider. Certainly the legislature was thinking about the needs of the dependents, not the number of them, when the order of priority was established. We hold that a single totally dependent entitled to the maximum death benefits takes the award exclusive of the claim of a person only partially dependent.
For these reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.