335 So.2d 722 (1976)
The FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Plaintiffs-Appellees,
v.
Evelyn Diffey MASTERS et al., Defendants-Appellants.
No. 12936.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Writ Refused October 27, 1976.
*723 Bice & Wiley by Jim Wiley, Winnfield, for defendants-appellants Nellie Ann Madison and Evelyn Diffey Masters.
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for defendants-appellants William Lonnie Masters and Donna Pearl Masters, for appellants.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for appellees.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied August 3, 1976.
PRICE, Judge.
The constitutional question in this workmen's compensation proceeding is whether the conclusive statutory presumption of dependency accorded minor children living with an injured employee denies equal protection to other minor children not living with him.
William L. Masters was killed while performing work in the course of his employment with Rex Drilling Company, Inc. on June 22, 1969. This proceeding was brought by Rex and its compensation insurer, Fidelity and Casualty Company of New York, against several persons claiming to be entitled to benefits under the workmen's compensation statute as dependents of the deceased. Rex and Fidelity deny that any of the parties named as defendants are conclusively presumed under the statute to be a dependent, and that none of these persons were actually dependent upon the deceased at the time of his death.
Responsive pleadings were filed on behalf of the multiple defendants requesting recognition of their entitlement to benefits under the statute.
The trial court concluded that none of the defendants were dependent upon the deceased employee within the purview of the compensation statute, and rendered judgment rejecting their demands against Rex and Fidelity.
The only defendants who have appealed are William Lonnie Masters and Donna Pearl Masters. They are children of deceased who were born of his marriage with Evelyn Diffey. After termination of this marriage by divorce in 1960, appellants remained in the custody of their mother. Neither of the appellants resided in the household with the deceased at the time of his death. Evelyn Diffey did not obtain an order requiring Masters to pay child support in the divorce decree. No voluntary payment was made by him of an amount which could be considered to provide even partial support for appellants prior to his accidental death.
The applicable provisions of the workmen's compensation statute in effect at the time of Masters' death are in pertinent part as follows:
Section 1251
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee: * * * *724 (3) A child under the age of eighteen years . . . upon the parent with whom he is living at the time of the injury of the parent.
Section 1252
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; . . .
The jurisprudence requires proof that the deceased employee was actually contributing to the support of a child where dependency can not be presumed and a legal or moral obligation owed to the child is not sufficient. Haynes v. Loffland Brothers Co., 215 La. 280, 40 So.2d 243 (1949); Griffitts v. Tiger Well Service, Inc., 226 So.2d 175 (La.App. 3rd Cir. 1969).
Appellants contend that as children living with the injured employee are granted a conclusive presumption of dependency by Section 1251, they should be accorded this same right under the equal protection clause of the 14th Amendment to the United States Constitution. They, therefore, contend they are entitled to death benefits provided by the statute even though actual dependency on Masters may not have been established.
There have been no prior Louisiana or Federal Court decisions which have ruled on the constitutional issue presented. Appellants have cited and rely on two Federal decisions, Lalonde v. Associated Pipeline Contractors, Inc., et al., 496 F.2d 1175 (5th Cir. 1974), and Weber v. Aetna, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).
In Lalonde, the Fifth Circuit of the United States Court of Appeals affirmed the ruling of the district court that a legal obligation to pay support was not sufficient to entitle the claimant to benefits under the Louisiana Compensation Statute. The appellate court remanded the case for consideration by the trial court of the possible violation of the equal protection clause by the state's policy of allowing a child who was actually receiving support to recover benefits, while denying recovery to a child who was only morally and legally entitled to receive support. This case was settled prior to reaching a decision on the constitutional issue. It does not constitute a precedent for the 14th Amendment question presented here.
In Weber, the United States Supreme Court found that to deny workmen's compensation benefits to dependent unacknowledged illegitimate children while granting benefits to dependent acknowledged illegitimate children violated the equal protection clause of the 14th Amendment.
The court in Weber reaffirmed the test applied in a prior decision that a classification by a state statute bear some rational relationship to a legitimate state purpose to have validity under the equal protection clause. Levy v. Louisiana, 391 U.S. 68, 20 L.Ed.2d 436, 88 S.Ct. 1509 (1968).
The basic purpose of the Louisiana Workmen's Compensation Statute is to provide a minimum amount of financial aid to an injured employee or to persons dependent upon him for support following an industrial accident.
The State has a legitimate purpose in limiting the benefits of the statute in case of death to the family relations who are actually dependent upon the deceased employee for support. This is in keeping with the purpose of the statute.
The presumption of dependency provided by Section 1251 does not offend the equal protection clause by establishing favored classes of children, but merely relieves children residing in the home with the deceased employee from furnishing proof of actual dependency which is apparent. It is reasonable to assume that children under 18 years of age living with a parent who is *725 employed are actually being supported by the parent. This provision serves a legitimate state interest, and under the reasoning of Weber does not violate the 14th Amendment.
The judgment appealed is affirmed. Costs of this appeal are assessed to appellants.