YELVERTON, Judge.
A constitutional question is raised in this worker’s compensation death case. The deceased workman left a surviving spouse and child who were wholly dependent on him. He also left another child, not living with him, who was partially dependent on him. The employer and its insurer took the position that the widow and child living with the deceased at the time of his death would consume the statutory maximum compensation benefits, and settled with them on that basis, leaving nothing for the partially dependent other child. The excluded child sued, and now appeals, contending that the Louisiana Worker’s Compensation Death Benefits scheme, which conclusively presumes the child living with the deceased employee at the time of the employee's death to be wholly dependent, but requires proof of dependency of a child not living with the deceased employee, is in violation of the equal protection clauses of the Louisiana and United States Constitutions. We agree with the trial judge rejecting this constitutional argument.
The parties submitted the case to the trial court based on a joint stipulation of facts. Stanley Wade Vidrine, an employee of Vin Vac, Inc., died as a result of an on-the-job accident on December 30, 1980. He left a son, Marcus Jon Vidrine, by a previous marriage, and another son, Stanley Wade Vidrine, Jr., born of his marriage to his widow, Linda Vidrine.
Marcus Jon Vidrine was living with his mother, Betty Vidrine Vita, and her husband at the time of his father’s death. Stanley Wade Vidrine, Jr. was living with his mother, Linda Vidrine, and the deceased. When their father died, Marcus Jon Vidrine was five years old; Stanley Wade Vidrine, Jr., was one and one-half years old.
Betty Vidrine Vita and Stanley Wade Vidrine were divorced on July 28, 1977. Stanley Wade Vidrine was ordered to pay eighty-five dollars per month for the support of Marcus Jon Vidrine. Payments for the support of Marcus Jon Vidrine were made monthly until the time of Stanley Wade Vidrine’s death, but not always for the entire sum of the obligation. The deposition of Betty Vidrine Vita, which was part of the stipulated evidence, established that what the deceased contributed was not sufficient to support Marcus Jon Vidrine. While appellant’s brief mentions that Marcus Jon Vidrine was “wholly dependent” on his father, the deposition evidence clearly shows that the boy occupied the status of a partial dependent only.
The sole question before us is the constitutional one. R.S. 23:1251 of the Louisiana Worker’s Compensation Act provides that the surviving spouse living with the deceased at the time of his death, and any child under 18 living with him, are conclusively presumed to be fully and actually dependent upon the deceased employee. R.S. 23:1252 provides that in all other cases, dependency is a question of fact, and that if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefits shall be divided equally among them, and persons partially dependent shall receive no part. By the application of these and other provisions of the Act to the instant facts, Marcus Jon Vidrine was excluded from any participation in the death benefit because all available benefits under the Act were exhausted by presumed dependents. Both Stanley Wade Vidrine, Jr. and Marcus Jon Vidrine were sons of the deceased. One lived with him at the time of his death, and the other did not. Because of that single difference, one enjoyed the conclusive presumption of being a wholly dependent, while the other did not. It is this which appellant claims is a denial of equal protection.
The statutes under attack here withstood an equal protection attack in Fidelity and *435 Cas. Co. of New York v. Masters, 335 So.2d 722 (La.App. 2nd Cir.1976), writ denied, 338 So.2d 297 (La.1976). The test outlined in Masters was that “a classification by a state statute [must] bear some rational relationship to a legitimate state purpose to have validity under the equal protection clause.” The Masters court noted that
“The basic purpose of the Louisiana Workmen’s Compensation Statute is to provide a minimum amount of financial aid to an injured employee or to persons dependent upon him for support following an industrial accident.”
The Masters court also found that
“The State has a legitimate purpose in limiting the benefits of the statute in case of death to the family relations who are actually dependent upon the deceased employee for support. This is in keeping with the purpose of the statute.”
The court concluded that a legitimate state interest was served by the presumption of dependency afforded a dependent living with the employee as it was reasonable to assume that such dependent was actually dependent.
In Ruffin v. Travelers Insurance Company, 312 So.2d 878 (La.App. 1st Cir.1975), an acknowledged illegitimate minor, who was found by the trial court to be only partially dependent upon her father, challenged the statutory interpretation of the worker’s compensation death scheme which excluded her from benefits while awarding the decedent’s widow compensation benefits under the Act’s conclusive presumption. The language of the Ruffin court is pertinent in determining the legitimate interest of the state in excluding a partial dependent when total dependents consume the statutory maximum benefits. The court said at page 882 that:
“The legislature has decreed that it is better for the wholly dependent widow to receive the entire amount than to share it with a child who was not residing in the household of her father and who was only partially dependent upon him. There is much wisdom in a rule that requires that a totally dependent person should be compensated preferentially, even to the exclusion of a partial dependent. It is in keeping with the economic farsightedness of the Workmen’s Compensation Act. That provision was made to protect persons whose welfare is entirely dependent upon an employee’s ability to work. Persons whose dependence is only partial, who do not share in the absolute financial reliance upon the workman for their support, are not so damaged by the loss of their provider. Certainly the legislature was thinking about the needs of the dependents, not the number of them, when the order of priority was established....”
Considering the Masters and Ruffin cases together, and for the same reasons as therein expressed, we hold that the death benefits scheme is the expression of a legitimate state interest, and that the classification of relatives of the deceased worker is rationally related to the purpose of the Act. We find no merit to this constitutional argument.
The judgment of the trial court is affirmed, at appellant’s costs.
AFFIRMED.