LINDSAY, Judge.
This case concerns claims for workers’ compensation death benefits. The plaintiff-appellant, Kathy Arnold Hackney, is the former wife of a deceased worker. She sought to recover death benefits on behalf of the decedent’s two sons. The decedent’s concubine, Tonya Saxon Woods, also sought to recover death benefits individually and on behalf of the decedent’s illegitimate daughter. In these consolidated cases, the appellant appeals from judgments by the workers’ compensation hearing officer which granted a motion for summary judgment on behalf of Tonya Saxon Woods and denied a motion for summary judgment on behalf of Kathy Arnold Hackney. Ms. Woods’ motion for summary judgment was granted based upon her total dependency, and that of her child, on the deceased employee, to the exclusion of benefits for the plaintiff and her children who were unable to show that they were wholly or partially dependent upon the deceased employee. The plaintiff attacks the constitutionality of the workers’ *269 compensation statutes. We affirm the trial court judgment.
FACTS
The plaintiff, Mary Katherine Myers Arnold Hackney, was married to the decedent, Michael C. Arnold, and of that marriage two children were born. Clinton Arnold was born July 29, 1979 and Cory Arnold was born September 11, 1981. On July 15, 1986, the plaintiff was divorced from Michael C. Arnold. The parties were awarded the joint custody of the children. The plaintiff was designated as the domiciliary parent. No order of child support was entered.
Michael C. Arnold later began living with Tonya Saxon Woods. On October 29, 1988, a daughter, Candi Jayne Arnold, was born to Mr. Arnold and Ms. Woods. Mr. Arnold formally acknowledged this child.
On April 3, 1990, while working at the Stone Container Plant in Jonesboro, La., Mr. Arnold was killed. A portion of a metal walkway upon which Mr. Arnold was standing collapsed and he fell sixty feet to his death.
The plaintiff was appointed tutrix for her sons and filed a claim for workers’ compensation death benefits. Tonya Woods was appointed tutrix for her daughter and she also filed a claim for workers’ compensation death benefits. The two claims were consolidated for further proceedings and trial.
The plaintiff and Ms. Woods each filed motions for summary judgment, claiming that no genuine issue of material fact existed and that each was entitled to recovery on behalf of their respective offspring, as a matter of law. Ms. Woods additionally claimed that under the workers’ compensation statutes, the plaintiff’s sons were not entitled to benefits because they were not totally dependent upon the decedent for support. Ms. Woods argued that the sons did not reside with the decedent and the decedent did not make official child support payments, therefore, these children were not wholly dependent upon the decedent for support.
The workers’ compensation hearing officer denied the plaintiff’s motion for summary judgment and granted Ms. Woods’ motion. Relying upon the workers’ compensation statutory scheme and the jurisprudence construing those statutes, the hearing officer found that because the plaintiff’s children were not living with the decedent and the decedent made no official child support payments, they were not dependent upon the decedent and were not entitled to summary judgment awarding death benefits. However, because Ms. Woods’ and her child were living with the decedent, they were wholly dependent on him and were entitled to death benefits.[1] The practical effect of this ruling was to allow benefits to Ms. Woods and her child and to effectively deny benefits to the plaintiff’s sons, even though the judgment is couched in terms of a denial of a motion for summary judgment.
The plaintiff appealed. The plaintiff contends that the workers’ compensation statutes, which require dependency upon or residency with the decedent for entitlement to death benefits, deny equal protection to “surviving biological and legitimate children” of the deceased. The plaintiff does not complain of the findings of the hearing officer. Therefore, the only issue before the court is whether the statutes involved in this case are constitutional. Plaintiff’s argument against the constitutionality of the applicable status is meritless.[2]
EQUAL PROTECTION CLAIM
The statutory scheme for recovery of workers’ compensation death benefits is set *270 forth in LSA-R.S. 23:1231 et seq. LSA-R.S. 23:1231 provides, in pertinent part:
A. For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same portion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
The allocation of benefits and schedule of payments are set forth in LSA-R.S. 23:1232, which provides:
Payment to dependents shall be computed and divided among them on the following basis:
(1) If the widow or widower alone, thirty-two and one-half per centum of wages.
(2) If the widow or widower and one child, forty-six and one-quarter per centum of wages.
(3) If the widow or widower and two or more children, sixty-five per centum of wages.
(4) If one child alone, thirty-two and one-half per centum of wages of deceased.
(5) If two children, forty-six and one-quarter per centum of wages.
(6) If three or more children, sixty-five per centum of wages.
(7) If there are neither widow, widower, nor child, then to the father or mother, thirty-two and one-half per centum of wages of the deceased. If there are both father and mother, sixty-five per centum of wages.
(8) If there are neither widow, widower, nor child, nor dependent parent entitled to compensation, then to one brother or sister, thirty-two and one-half per centum of wages with eleven per centum additional for each brother or sister in excess of one. If other dependents than those enumerated, thirty-two and one-half per centum of wages for one and eleven per centum additional for each such dependent in excess of one, subject to a maximum of sixty-five per centum of wages for all, regardless of the number of dependents.
The definition of dependents is set forth in the workers’ compensation statutes. LSA-R.S. 23:1251 establishes a conclusive presumption of dependency. That statute provides:
The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.
When a party is not entitled to the conclusive presumption of LSA-R.S. 23:1251, supra, LSA-R.S. 23:1252 provides that whole or partial dependency may be established as follows:
In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof.
The constitutionality of these statutes is settled. In Fidelity and Casualty Company of New York v. Masters, 335 So.2d 722 *271 (La.App. 2d Cir.1976), writ denied 338 So.2d 297 (La.1976), this court addressed the constitutional question of whether the conclusive statutory presumption of dependency accorded minor children living with an employee who is killed denies equal protection to other minor children not living with the employee.
The test outlined in Masters, supra, was that “a classification by a state statute [must] bear some rational relationship to a legitimate state purpose to have validity under the equal protection clause.”
The court stated that the basic purpose of the Louisiana Workers’ Compensation Statute is to provide a minimum amount of financial aid to an injured employee or to persons dependent upon him for support following an industrial accident.
The court further stated that the jurisprudence requires proof that the deceased employee was actually contributing to the support of a child where dependency cannot be presumed. A legal or moral obligation to support the child is not sufficient. The court found that the state has a legitimate purpose in limiting the benefits of the statute in case of death to the persons who are actually dependent upon the deceased employee for support.
The court then held that the presumption of dependency provided by LSA-R.S. 23:1251 does not offend the equal protection clause by establishing favored classes of children, but merely relieves children residing in the home at the time of an employee’s death, from furnishing proof of actual dependency when such fact is apparent. The court found it reasonable to assume that children under the age of 18, living with a parent who is employed, are actually being supported by the parent. The statute serves a legitimate state interest and does not violate the 14th Amendment.
In Vita v. United General Insurance Company, 469 So.2d 433 (La.App. 3rd Cir.1985), this constitutional issue was again considered. In Vita, the decedent left a widow and child who were residing with and were wholly dependent upon the decedent. The decedent also had another child that was partially dependent.
The employer took the position that all workers’ compensation death benefits owed would be consumed by the wife and child who were wholly dependent upon the employee and therefore settled with them, excluding the partially dependent child.
The excluded child argued that the workers’ compensation scheme, which conclusively presumes that the child living with the decedent is wholly dependent but requires proof of dependency of a child not residing with the deceased employee, is in violation of the equal protection clauses of the Louisiana and U.S. Constitutions. The court in Vita rejected the argument.
The court adopted the analysis in Masters, supra, and Ruffin v. Travelers Ins. Co., 312 So.2d 878 (La.App. 1st Cir.1975). The court found that a legitimate state interest is served by the presumption of dependency afforded a dependent living with an employee as it was reasonable to assume that such a person was actually dependent.
The court found that the state scheme was formulated to protect persons whose welfare is entirely dependent upon an employee’s ability to work. The court then concluded that the workers’ compensation death benefit scheme is the expression of a legitimate state interest and that the classification of relatives of the deceased worker is rationally related to the purpose of the act.
The reasoning in Masters and Vita, is applicable to the present case. The workers’ compensation statutory scheme serves a legitimate state interest by requiring a showing of dependency or residency for entitlement to death benefits. The plan is legitimately aimed at compensating only those persons actually dependent upon the deceased worker. In the present case, the application of the workers’ compensation statutes, denying benefits to the plaintiff’s sons, who were, at most, only partially dependent, did not violate equal protection. Therefore, we reject the plaintiff’s argument that the workers’ compensation statutes are unconstitutional.
*272 CONCLUSION
For the reasons stated above, we uphold the constitutionality of the workers’ compensation statutes at issue. Accordingly, the judgment of the workers' compensation hearing officer is affirmed.
AFFIRMED, AT PLAINTIFF’S COST.
BROWN, J., concurs.

. Ms. Woods and the defendants later entered into a compromise and settlement whereby Ms. Woods was awarded $17,000, her daughter was awarded $45,000, and $3,000 was awarded for funeral expenses.

. It is implicitly conceded that the plaintiff did not establish total dependency and that Ms. Woods did establish total dependency. By conceding that Ms. Woods established total dependency for her child, the plaintiffs claim as to partial dependency was rejected. Because plaintiff concedes that there are no disputed issues of fact, plaintiff now only contends that the statutory scheme regarding total and partial dependency is unconstitutional.