HOOD, Judge.
This is an action for workmen’s compensation benefits instituted by Mrs. Clem-ys Ardoin Freeman, as natural tutrix for and in behalf of her four minor children. Plaintiff alleges as a basis for her demands that her oldest son, Lawrence Freeman, was killed in the course of his employment, and that her four minor children were partially dependent on the decedent for support at the time of his death. The suit was instituted against New Amsterdam Casualty Insurance Company, the compensation insurer of the decedent’s employer. Judgment on the merits was rendered in favor of plaintiff, awarding compensation benefits to the four minor children, and defendant has appealed.
Plaintiff’s son, Lawrence Freeman, was killed while in the course of his employment on December 9, 1963. Shortly after his death Mrs. Clemys Ardoin Freeman filed a separate suit for compensation benefits against her son’s employer and its insurer (the defendant in the instant suit), alleging that she was wholly dependent on her deceased son for support. It was not alleged in that suit that plaintiff’s children also were dependent upon him for support. The trial judge concluded that Mrs. Freeman was partially dependent on the decedent for support, and judgment was rendered awarding her compensation at the rate of $10.00 per week for 400 weeks. We affirmed that judgment. See Freeman v. New Amsterdam Casualty Company, 177 So.2d 149 (La.App.3d Cir. 1965).
After that judgment became final, the instant suit was instituted by Mrs. Free *358 man, as natural tutrix for her four minor children, and in this proceeding she contends that her four children were also partially dependent on the decedent for support. Defendant urges as its principal defense to this action that its liability for compensation is limited to the sum of $10.00 per week for all claimants, as a class, that it has been condemned to pay Mrs. Freeman the maximum amount for which it could be held liable, and that plaintiff thus is not entitled to recover for her children any additional sums as workmen’s compensation benefits. The defendant also filed a third party petition praying, in the event it is held to be liable for any additional compensation benefits, that judgment be rendered in its favor and against Mrs. Freeman for that portion of the amount iri is required to pay which exceeds the sum she is entitled to recover as a dependent.
After trial of the instant suit, the trial judge concluded that plaintiff’s four minor children were partially dependent upon the decedent for support, and that each of said children is entitled to recover compensation benefits at the minimum rate of $10.00 per week, but that the award to each child must be reduced to such a figure that the aggregate amount awarded to Mrs. Freeman and the children will not exceed the maximum of $35.00 per week. Judgment was rendered by the trial court awarding each of the four minor children compensation at the rate of $6.25 per week, making an aggregate award of $25.00 per week for the children in addition to the award of $10.00 per week previously made to Mrs. Freeman. Defendant has appealed from that judgment.
As stated in our earlier opinion (177 So.2d 149), plaintiff married Elius Freeman in 1937, and two children were born of that union, one of them being the decedent, Lawrence Freeman. Elius Freeman died more than 15 years ago, and plaintiff then lived with Voorhies Ledet. Four children were born as a result of the last mentioned union, they being the four minor children in whose behalf the instant suit was instituted. Plaintiff, her four minor children and her deceased son were living in the same residence at the time of the latter’s death. The decedent, Lawrence Freeman, was earning $60.00 per week in his employment, and he contributed $15.00 per week (or one-fourth of his total wages) to plaintiff for household expenses. Plaintiff used portions of the amount contributed by decedent for her own support and the remaining portions to assist in supporting her four minor children. We agree with the conclusion reached by the trial judge that the four minor children were partially dependent on the decedent for support.
There does not appear to be any substantial dispute as to the facts. The legal issues presented are clearly set out in the following stipulation which appears in the record:
“Counsel agree that the issue in this case is whether, where the minimum compensation rate is applicable and there are several dependents in one class, these dependents should be awarded the minimum under the Compensation Act as a class or individually. Are the four minor children entitled to Ten and No/100 ($10,00) Dollars per week each, subject to the maximum of Twenty-Five ($25.00) Dollars remaining after an award of Ten and No/100 ($10.00) Dollars, to the decedent mother? Should they receive a lesser amount as members of one class entitled to one lump payment? Are they excluded from compensation benefits due to the presence of their mother as a dependent?”
Under the provisions of the Louisiana Workmen’s Compensation Law, if the deceased employee leaves neither widow nor child, but is survived by his mother and other dependents who are wholly dependent upon him for support, the mother is entitled to receive compensation at the rate of 32Y2 percent of the decedent’s wages, and the other dependents are entitled to *359 receive lesser amounts, subject to a maximum of 65 percent of the decedent’s wages for all (or $35.00 per week, whichever is the lesser), regardless of the number of dependents. LSA-R.S. 23:1232 and 23:-1202.
Where there are several dependents, some of whom belong to a class which is preferred • over others, such as parents over brothers and sisters, the amount due each will be paid until the maximum is exhausted, payment being made first to those of the preferred class. The payment of compensation to those of a preferred class, however, does not foreclose payment also to those of a deferred class, so long as the maximum rate of compensation remains unabsorbed. McDonald v. Louisiana, Arkansas & Texas Transp. Co., 28 So.2d 502 (La.App.2d Cir. 1946, cert. denied); Caddo Contracting Company v. Johnson, 222 La. 796, 6 4So.2d 177 (1953) ; Flanagan v. A L & W Moore Trucking Contractors, 100 So.2d 289 (La.App.2d Cir. 1958); and Venable v. Liberty Mutual Insurance Company, 142 So.2d 639 (La.App.3d Cir. 1962).
Plaintiff in the instant suit, as the surviving mother of the decedent, belongs to a preferred class of dependents and she is entitled to be paid the compensation due her in preference to the compensation due her minor children, who are half brothers and sisters of the decedent. Applying the rule above set out, the payment of compensation to Mrs. Freeman does not preclude the payment of compensation to the other dependents, so long as any part of the maximum compensation due by defendant remains unabsorbed.
In this suit, plaintiff and her children were only partially dependent on the decedent for support. With reference to the compensation payable to partial dependents, LSA-R.S. 23:1231 provides:
“For injury causing death, within two years after the accident there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided, for a period of four hundred weeks. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the ■ time of the accident and death, the weekly compensation to he paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident. As amended Acts 1956, No. 412, § 1.” (Emphasis added.)
Defendant contends that, in view of the provisions of LSA-R.S. 23:1231 and the fact that the decedent contributed 25 percent of his wages toward the partial support of all of his dependents, the following formula should be applied here: 25'% x 65% x $60.00 per week, which amounts to $9.75 per week. Even though this figure is raised to the minimum of $10.00 per week, as provided in LSA-R.S. 23:1202, defendant argues that this is the maximum amount of compensation which can be allowed to all five partial dependents, as a class, and that since the mother, a preferred dependent, has already been awarded compensation at the rate of $10.00 per week, no part of the maximum remains unabsorbed and thus plaintiff’s four minor children are not entitled to recover any additional workmen’s compensation benefits.
Plaintiff concedes that a formula similar to that suggested by defendant should be used here. She argues, however, that the maximum compensation which can be allowed is $35.00 per week, instead of the amount urged by defendant, and that only $10.00 of that maximum has been allowed, leaving $25.00 per week of the maximum allowable which is unabsorbed. Plaintiff contends further that the $10.00 minimum provided in LSA-R.S. 23:1202 applies to each dependent individually and does not apply to all of them as a class. She contends that *360 in the instant suit each of her four minor children is entitled to recover compensation at the minimum rate of $10.00, provided that the total amount awarded to all of said children cannot exceed the sum of $25.00 per week, that being the difference between the amount heretofore awarded to Mrs. Freeman and the $35.00 maximum which can be awarded to all claimants.
The issues presented in this case are similar to those which were determined in the cases of Flanagan v. A L & W Moore Trucking Contractors, supra, and Venable v. Liberty Mutual Insurance Company, supra.
In the Flanagan case the decedent was survived by his widow and three children, all of whom had been partially dependent upon him for support, although he contributed only about $2.60 per week to the support of his family. Our brothers of the Second Circuit Court of Appeal held that each of the four claimants was entitled to the minimum compensation allowed by LSA-R.S. 23:1202, which was then $3.00 per week, amounting to the aggregate sum of $12.00 per week for all of the dependents. The Supreme Court denied the defendant’s application for a writ of certiorari.
In the Venable case, supra, the decedent was survived by his father and mother and by his brothers and sisters, all of whom were partially dependent upon him for support. The decedent was earning $30.00 per week at the time of his death, and he contributed $7.50 per week (or one-fourth of his salary) to assist in supporting his family. We held that the maximum rate of compensation which could be awarded was 65 percent of his total wages, or $19.50 per week. We also concluded that the minimum of $10.00 per week, provided in LSA-R.S. 23:1202, applied to each of the dependents individually, rather than as a class, and that each of the partially dependent parents was entitled to receive the minimum of $10.00 per week, subject to the condition that the total amount awarded could not exceed 65 percent of the decedent’s wages. Since the total amount of compensation due both parents exceeded 65 percent of the wages of the decedent, the award to each parent was reduced to $9.75 per week, making the total award to both parents amount to the aggregate sum of $19.50, or 65 percent of the +otal wages of the deceased employee. We did not consider the question of whether the brothers and sisters,were actually dependent upon the decedent, since no part of the maximum rate of compensation remained unabsorbed or available for payment to them.
If the formula suggested by defendant in the instant suit had been used in the Venable case (i. e. 25% x 65% x $30.00), and if the law should be applied as urged by defendant here, the result would have been that both of the decedent’s parents, as a' class, would have received only $4,875 per week, or perhaps the minimum of $10.00 for both under LSA-R.S. 23:1202. As we have already noted, however, we held in the Venable case that the maximum rate of compensation which could be awarded was 65 percent of his total wages, or $19.50 per week, and that the minimum of $10.00 per week provided in LSA-R.S. 23:1202 should be applied to each of the dependents individually, rather than a class.
The opinions rendered in the two cases just discussed indicate clearly that where a deceased employee leaves several dependents in one class and the minimum compensation rate is applicable, the minimum should be applied to each dependent individually, and not as a class. Applying the rule set out in these cases to the instant suit, it appears that each of plaintiff’s four minor children is entitled to compensation at the minimum rate of $10.00 per week, provided that the total compensation allowed to all of said dependents cannot exceed the sum of $25.00, which is the unabsorbed portion of the maximum which can be recovered as compensation by all dependents. In addition to the Flanagan and Venable cases, supra, this rule finds support in the decisions rendered in Patin v. *361 T. L. James and Company, 218 La. 949, 51 So.2d 586 (1951) ; McDonald v. Louisiana, Arkansas & Texas Transp. Co., supra; Hamilton v. Consolidated Underwriters, 21 So.2d 432 (La.App.2d Cir. 1944, cert. denied) ; and Darce v. Calcasieu Paper Company, 85 So.2d 659 (La.App. 1st Cir. 1956).
Defendant, in support of its argument that the $10.00 minimum provided in LSA-R.S. 23:1202 should be applied to all of the dependents as a class, refers us to the cases of Moore v. Maryland Casualty Company, 104 F.Supp. 563; Dillon v. Traders & General Ins. Co., 183 So. 553 (La.App. 1st Cir. 1938); Archibald v. Employers’ Liability Assur. Corp., 20 So.2d 178 (La.App.Orl. Cir. 1944); and Caddo Contracting Company v. Johnson, 222 La. 796, 64 So.2d 177 (1953). We do not interpret the Caddo Construction Company case as supporting the position taken by defendant here. We agree that some of the language used in the other cited cases indicates that the minimum provided in LSA-R.S. 23:1202 should be applied to all of the dependents as a class, as contended by defendant. We, however, feel that the later jurisprudence, as expressed in the Flanagan and Venable cases, correctly interprets and applies the pertinent provisions of the Workmen’s Compensation Act.
We conclude that the total amount of compensation which can be awarded to all of the dependents in the instant suit is $35.-00 per week, that' being the maximum provided in LSA-R.S. 23:1202. We also are convinced that the minimum of $10.00 per week, provided in LSA-R.S. 23:1202, is applicable to each dependent individually, and that it is not to be applied to all of said dependents as a class. Mrs. Freeman, as a preferred claimant, was correctly allowed the minimum of $10.00 per week in the earlier suit. Since the compensation due each, of plaintiff’s minor children, computed according to the formula set out in LSA-R.S. 23:1231, would amount to less than $10.00, we find that each such child is entitled to the minimum of $10.00 per week, provided that the compensation awarded to all of them cannot exceed $25.00, that being the unabsorbed portion of the maximum which can be allowed to all dependents. In order to bring the awards within this maximum, only $6.25 per week can be allowed to each child. In our opinion the trial judge correctly awarded each of the four minor children compensation at the rate of $6.25 per week, making the total amount awarded as compensation to all of said children come within the maximum permitted for all dependents.
Our conclusion is that the judgment rendered by the trial court is correct, and that it should be affirmed.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.