354 So.2d 1031 (1978)
Rose J. HENDERSON, Plaintiff-Appellant-Relator,
v.
TRAVELERS INSURANCE CO. et al., Defendants-Appellees-Respondents.
No. 60214.
Supreme Court of Louisiana.
January 30, 1978.
John G. Fontenot, Guillory, McGee & Mayeux, Eunice, for plaintiff-appellant-relator.
Don L. Broussard, Harry V. Singreen, John F. Caraway, A Professional Law Corporation, New Orleans, on the brief, for defendants-appellees-respondents.
Lemuel E. Hawsey, III, Ronald E. Stutes, Baton Rouge, for amicus curiae.
TATE, Justice.
The claimant was denied workmen's compensation benefits. 346 So.2d 816 (La.App. 1st Cir. 1977), certiorari granted, 349 So.2d 886 (La.1977).
*1032 The question before us is whether a dependent concubinein popular parlance, a "common-law wife"is totally barred from receiving workmen's compensation benefits arising out of the work-caused death of her "common-law husband", with whom she had been living in a stable home relationship for eleven years. The rights of no member of the decedent's legitimate familywho are preferred claimants, anyway, under our compensation laware involved, since the decedent was not married, had no children, and was survived by no dependent parents or siblings.
Stated more technically, the precise legal issue is: Under the circumstances shown above, may the dependent concubine of a workman fatally injured at work recover workmen's compensation benefits, on the basis that she is a dependent member of his family, La.R.S. 23:1232(8), 1253, when her doing so will not infringe upon any share of compensation benefits to which statutorily entitled claimants (wife, child, parent) are preferentially entitled, La.R.S. 23:1232(1)(7)?
We hold that she may, reversing the previous dismissal of her claim for compensation. In doing so, we overrule Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958), which held to the contrary.

I.
The undisputed facts show:
The decedent, George Henderson, died as the result of a work-accident in 1971. George Henderson and the claimant, Rose Henderson, had been living together as man and wife for eleven years (i. e., since 1960) in a stable, loving relationship. Rose was totally dependent on the decedent. (He had, moreover, supported her three children by a prior marriage, who lived in their home. However, the children were no longer dependent upon him at the time of his death.)
At the time of his accident, George Henderson was earning $450 per week. If entitled to workmen's compensation benefits, the claimant is entitled to recover them at the rate of $49 per week, not to exceed 500 weeks. La.R.S. 23:1231 (1968).[1] The insurer paid the claimant compensation benefits at this weekly rate between the decedent's death in 1971 and early 1974. It then terminated payments upon finding reason to doubt the validity of a (claimed but unproved) Mississippi marriage or common-law marriage.[2]
The decedent is not shown to be survived by any wife, child, or other dependent.

II.
The claimant seeks workmen's compensation benefits as an "other dependent" "member of the family". La.R.S. 23:1232(8), 1253. This classification of dependents receives compensation only if compensation liability to certain preferred classifications of dependents (spouse, child, parent, brother, sister) does not exhaust the maximum benefits payable by the employer. La.R.S. 23-1231, 1232; Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177 (1953); Malone, Louisiana Workmen's Compensation Law, Section 305 (1951; 1964 pocket part).
Except for the concubine, the jurisprudence is well settled that a member of the decedent's family household, if dependent, is entitled to recover compensation benefits when a contributing wage earner dies as the result of work-caused injuries. The dependent member of the family group is entitled to compensation regardless of blood relationship or the technicalities of inheritance *1033 law. This broad interpretation has been adopted to effectuate the socio-economic purposes of the statute to provide compensation for dependents deprived of support through the work-caused death of the decedent.
See: Caddo Contracting Co. v. Johnson, 222 La. 796, 64 So.2d 177 (1953); Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951); Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1944); Archibald v. Employers' Liability Assur. Corp., 202 La. 89, 11 So.2d 492; Malone, cited above, Section 304. See also: McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971).
The sole jurisprudential exception to this rule is the concubinein popular language, a "common-law wife".
The status as concubine arises when a man and a woman live together in a permanent relationship as husband and wife, although without benefit of matrimony or a putative marriage. See, e. g.; Succession of Franz, 232 La. 310, 94 So.2d 270 (1957); Succession of Jahraus, 114 La. 456, 38 So. 417 (1905); Succession of Keuhling, 187 So.2d 520 (La.App.3d Cir. 1966); Note, 32 Tul.L.Rev. 127 (1957). As we stated in Gauff v. Johnson, 161 La. 975, 977, 109 So. 782, 783 (1926): "* * * the concubine must not be confounded with the courtesan, or even what is ordinarily called a mistress. She is a wife without title."
We held that a man and a woman living together in this relationship constitute a family for purposes of the workmen's compensation act; therefore, their children are entitled to compensation benefits if the wage earner is killed at work, as dependent members of the family. Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1945).[3] Even the concubine's nephew living in the household, if dependent on the wage-earner, is entitled to workmen's compensation benefits as a member of his family for purposes of the compensation act. Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951).
Nevertheless, in Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958), this court refused to allow compensation benefits to the concubine herself. We followed two earlier intermediate court decisions to the same effect. We did so primarily because we thought it beyond the legislative intent to allow any recovery whatsoever to the concubine, even though dependent, arising out of an illicit relationship "not countenanced by" the laws of our statestating, "`Where there is turpitude, the law will help neither party to the transaction.' " 103 So.2d 903.

III.
In the present case, the court of appeal reluctantly followed Humphreys, since it had not yet been overruled.[4] However, the intermediate court correctly noted that the Humphreys decision is inconsistent with Archibald and Thompson, cited above, and with the intent of the compensation act as a whole.
*1034 In these latter decisions we held that the workmen's compensation act was designed to protect all dependent members of the family household from the loss of support caused by a wage-earner's death through work-accident. The industry which caused the loss should bear it, not the individual nor the taxpayer through welfare benefits. "Undoubtedly, the Legislature intended to allow compensation to those who were dependent upon an employee for support." Archibald, at 11 So.2d 493-94. See Thompson, at 22 So.2d 857.[5]
As Professor Malone noted in his authoritative treatise, the denial of compensation to the concubine because of moral turpitude "is more moralistic than it is sound. No other claimant need prove his moral worthiness so long as he or she is dependent. It would seem that the fault of the dependent concubine should no more exclude her from compensation than should the fault of the employee himself. . . . The social need for compensation here is as great as though the dictates of convention had been met. It does not seem fair that the employer or his insurer should benefit by the windfall." Malone, Louisiana Workmen's Compensation Law, Section 304, p. 399 (1951).
We are unable to find in the terms of the compensation act itself any legislative intent to deny compensation benefits to any dependent member of the decedent's family household because of moral unworthiness. Under the terms of the act, all dependent members of the family are entitled to compensation, subject only to the priority of preferred claimants who exhaust the statutory maximum weekly payments.
Further, we are unable to find any general legislative policy indicating a desire to punish a concubine by depriving her of all benefits or rights whatsoever because of her status. The status is not punishable by criminal penalty, for instance. Historically, the civil penalty has been, not to deprive the concubine of any right whatsoever to receive donations or testamentary dispositions, but only to limit the amount which may be donated. La.Civil Code art. 1481.
In Sizeler v. Sizeler, 170 La. 128, 127 So. 388, 389-90 (1930), for instance, we pointed out that "In the absence of express legislation on the subject, we have no judicial authority or power to draw a distinction between the classes of beneficiaries named in life insurance policies", so as to deny recovery to a concubine. Similarly, here, in the absence of indication that the legislature desired to exclude concubines from the dependency benefits otherwise allowable under the terms of the statute, we conclude that we erred in Humphreys in importing moral unworthiness as a criterion for eligibility for compensation benefits, and in thus excluding dependent concubines alone from the compensation benefits to which all dependent members of the deceased wage earner's family household are entitled by statute.[6] We therefore overrule Humphreys.

Decree
Accordingly, we reverse the judgments of the previous courts which had dismissed the plaintiff's suit and had granted the defendants judgment on their reconventional demand. For the reasons assigned, we render judgment in favor of the plaintiff, Rose J. Henderson, and against the defendants, Travelers Insurance Company and Fred A. Setton, holding them liable jointly, severally, and in solido for compensation payments at the rate of $49.00 per week, commencing November 30, 1971, and not to exceed 500 weeks thereafter (less credit for compensation previously paid), with legal interest at the rate of 7 per cent per annum on each *1035 installment from date of delinquency until paid; judgment is further rendered in the plaintiff's favor dismissing the defendants' reconventional demand with prejudice. The defendants-appellees are cast with all costs of these proceedings in the trial and appellate courts.
REVERSED AND RENDERED.
MARCUS, Justice (dissenting).
La.R.S. 23:1253 provides that "[n]o person shall be considered a dependent, unless he is a member of the family of the deceased employee . . . ." I do not consider a concubine to be a "member of the family of the deceased employee." Accordingly, I respectfully dissent.
SUMMERS, Justice (dissenting).
This Court's search for a legislative intent to exclude concubines from the benefits of the Workmen's Compensation Act in the context of this case can best be found in the refusal of the Legislature to overrule the decisions which have denied benefits to concubines since 1946. The problem was first presented in Moore v. Capitol Glass & Supply Co., 25 So.2d 248 (La.App.1946), where Judge LeBlanc, later Justice of this Court, as organ of the court wrote:
"The status of the plaintiff in this case is different. She is responsible for the illegal relation which she assumed and carried on with the deceased employee. There was no duty on his part to support or care for her. Either was at liberty to break off or terminate the relation at his or her own pleasure without any recourse whatever to the other. The workmen's compensation statute, being social legislation, there may be sound and economic and legal reason to apply its liberal provisions to children who are the innocent victims of such illicit relations by including them in that class of dependents embodied in the deceased employee's `family', within the meaning of that term as used in that kind of legislation; but by no strained construction should the use of that word in the statute be extended so as to bring within its folds, no matter how freely it has to be interpreted, those who voluntarily enter into a relation not countenanced by the law of this State, in which there is no legal duty on the part of anyone and from which either party may retire at will."
For my part, I would adhere to the rationale announced by Judge LeBlanc and approved by this Court. See Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958). It is a rule designed to impose a measure of restraint upon citizens of this State and to solidify and strengthen the family unit by a contract of marriage. Generally the rule prevails throughout the nation. 81 Am.Jur. 2d, Workmen's Compensation, § 200; 99 C.J.S. Workmen's Compensation, § 140(2).
The "family" is an outgrowth of human nature refined as a civilized institution. Its present form was instituted to preserve and strengthen society. Marriage is an integral part of this concept. It is not a purely moral obligation. It is a legal requirement which carries with it responsibilities and obligations lending stability to the family unit and providing order for its existence. Any erosion of this principle is bound to lessen needed restraints and weaken a vital element of society. This decision plays a part in the process of erosion by bestowing on concubines the same privileges and benefits to which married women are entitled under the Workmen's Compensation Act. In doing so the decision demeans the dignity of marriage and to that extent strikes a blow at the family unit and the stability of the social structure.
Furthermore, since there was no legal or moral obligation on the part of the deceased employee to support his concubine, I see no reason why the employer should bear that burden at the employee's demise. For, among other reasons, this burden is in time passed on to society at large when the employer, to meet the added costs, increases the price of his product to the customer.
I would affirm the result reached by the Court of Appeal without approving the content of that opinion.
NOTES
[1] If entitled to compensation benefits, she is entitled to receive them at the rate of 32½ per cent of the decedent's weekly wages ($450), whether a widow, La.R.S. 23:1232(1), or a dependent "other" member of his family, La.R.S. 23:1232(8), but not to exceed the (then) statutory maximum weekly rate of $49.00, La.R.S. 23:1202 (1968).
[2] In the present proceedings, the defendants reconvened to recover back workmen's compensation benefits paid the claimant between 1971 and 1974, in the mistaken belief she was the decedent's widow. The previous courts awarded them judgment on their reconventional demand in the amount of $5,390 for compensation so paid.
[3] In Thompson, we held that unacknowledged illegitimate children could recover only as dependent "other" members of the family, now La.R.S. 23:1232(8), not as children. La.R.S. 23:1232(4)-(6). Thus, if the compensation payable to legitimate or acknowledged children exhausted the statutory maximum weekly rate, the illegitimates received nothing. Stokes v. Aetna Casualty & Surety Co., 257 La. 424, 242 So.2d 567 (1971). The United States Supreme Court reversed Stokes and held that such distinction between the legitimate and illegitimate children of a deceased wage earner was constitutionally prohibited as a denial of equal protection. Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). The vitality of Thompson's holding that the family unit so arising from the relationship entitled dependent members to compensation benefits in the event of the wage earner's work-caused deathwas not, of course, affected by the broadening of recovery to members of the family which, Weber held, is constitutionally mandated.
[4] On two previous occasions the courts of appeal likewise felt constrained to follow Humphreys. Liberty Mut. Ins. Co. v. Caesar, 345 So.2d 64 (La.App. 3d Cir. 1977), cert. denied 347 So.2d 1118 (La.1977). Dickerson v. Employers Mut. Liab. Ins. Co., 248 So.2d 852 (La. App.2d Cir. 1971), cert. denied, 259 La. 763, 252 So.2d 457 (La. 1971). Certiorari was denied in each instance over the dissent of three justices.
[5] However, under the holdings of these cases, weekly compensation benefits awarded dependent other members of the family cannot infringe upon amounts due preferred claimants, such as the spouse and children, nor exceed the statutory maximum amount assessable against the employer. Caddo Contracting Co. v. Johnson, 222 La. 796, 94 So.2d 177 (1953).
[6] The legislative policy expressed by Civil Code Article 1481 of disfavoring concubines in favor of the legitimate family of the decedent, if applicable to the compensation statute's scheme, is adequately served by the concubine's less favored position with regard to the preferred compensation claimants, the spouse, children, parents, and siblings of the decedent.