417 So.2d 1205 (1982)
Rosemary CASTLE, Individually and On Behalf of Her Minor Children, Dwayne Castle, Age 12, Joseph Castle, Age 11, and Tosha Castle, Age 3,
v.
PRUDHOMME TANK TRUCK LINE, INC. and United States Fidelity & Guaranty Company.
No. 14500.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Rehearing Denied August 24, 1982.
*1206 Harold J. Lamy, New Orleans, for plaintiffs and appellants.
Robert D. Morvant, Thibodaux, for defendants and appellees.
Before EDWARDS, LEAR, SHORTESS, SAVOIE and CHIASSON, JJ.
CHIASSON, Judge.
Plaintiff-appellant, Rosemary Castle, individually and on behalf of her three minor children, appeals the judgment of the trial court dismissing her suit for death benefits[1] under the Workmen's Compensation Act which she had filed against Prudhomme *1207 Tank Truck Lines, Inc. and its insurer, United States Fidelity and Guaranty Company, defendants-appellees.
Plaintiff-appellant brought suit as dependent members of the family of Alexander Davis who was killed in an automobile accident while in the course and scope of his employment with defendant-appellee, Prudhomme Tank Truck Lines, Inc. Defendants-appellees filed third party actions against: Bonnie McGee, individually and on behalf of her three minor children; Rachel Bertrand, individually and on behalf of her minor child; and Mary Ann Calloway. The third party demands allege: that Davis had lived with, but had never married Bonnie McGee and Rachel Bertrand; that he was the natural father of Bonnie McGee's three children and of Rachel Bertrand's child; and that Davis had married and, at the time of his death, was legally separated from Mary Ann Calloway, with whom he had no children. Third party defendants did not answer these suits, and default judgments were confirmed against them.
The trial court held that plaintiff-appellant did not sufficiently establish that she and her children were dependent upon the earnings and support of Davis and dismissed her suit. Plaintiff-appellant perfected the instant appeal and alleges that the trial court erred in concluding that plaintiff-appellant could not recover death benefits because they bore no legal relationship to the decedent and that plaintiff-appellant could not be considered dependent upon the decedent since they were receiving adequate money and other income to provide for themselves.
The record reveals plaintiff-appellant was living with, but never married to Alexander Davis, the decedent. Her three minor legitimate children of her former marriage to Joseph Castle also lived with her and Davis at the time of Davis' death. They had lived together for approximately sixteen months and had not lived with anyone else during this period of time. For the last six months, they shared a trailer which was in the name of Rosemary Castle and monthly notes of $200.00 were paid by her in cash. Mrs. Castle testified that she was and had been employed by Picadilly Cafeteria as a cook from which she received approximately $140.00 a week, and that she and Davis would pool their incomes and pay their bills, except for twenty-five or thirty dollars each pay check which Davis retained for himself. The light bill was in her name and the gas bill was in Davis' name. Her former husband was employed and was under a court order to pay $60.00 per child per month for the support of the three minor children. The evidence shows that Mrs. Castle did in fact receive support payments from her former husband although the record does not disclose the exact amount paid. Additionally, Davis had not obtained a legal divorce from his former wife and no actions had been taken by him to adopt her three children. Mrs. Castle also testified that, with the exception of separate savings accounts which she alleges was used to purchase the trailer and furniture, neither she nor the decedent had bank accounts and that they paid all of their bills by cash. In addition to all of the household bills, Mrs. Castle stated that she and Davis shared equally in the caring for and the rearing of her three children.
Plaintiff-appellant does not benefit from the conclusive presumption of dependency provided for in La.R.S. 23:1251.[2] The question of actual dependency, in whole or in part, then becomes a matter of proof with the onus resting upon the claimant. McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971). Therefore, it was the responsibility *1208 of plaintiff-appellant to prove actual dependency upon the earnings of the decedent at the time of his death by a preponderance of the evidence. La.R.S. 23:1252.[3] Louisiana jurisprudence has firmly established the principle that actual dependency, in whole or in part, and the extent thereof, is a question of fact which must be proved by a preponderance of credible evidence. La.R.S. 23:1252; McDermott v. Funel, supra; Hurks v. Bossier, 359 So.2d 1114 (La. App. 3rd Cir. 1978), reversed on other grounds, 367 So.2d 309. The trial court held that plaintiff-appellant had not carried her burden of proof. Specifically, the trial court, in its written reasons for judgment concluded that, "[A]lthough plaintiff contends that she and the children were dependent upon the earnings and support of decedent, the Court does not believe it has been sufficiently established that to be true."
No documents were introduced into evidence to establish appellant's earnings. She only testified from one pay check stub and it was later brought out in other testimony that this stub was for less than forty hours per week, although appellant admitted she did, at times, earn overtime pay.
From the sketchy record before us, and even applying the most liberal interpretation to the Compensation Act, we are unable to conclude the trial judge erred in holding that appellant had not borne her burden of proving dependency upon the decedent's earnings.
Although it is true that the trial court cited additional reasons for dismissing appellant's suit, we need not comment on their correctness since they do not change his finding of fact on which we base this opinion.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
SAVOIE, J., concurs.
SHORTESS, J., concurs and assigns reasons.
LEAR, J., dissents and assigns reasons.
EDWARDS, J., dissents and assigns reasons.
SHORTESS, Judge, concurring.
I concur, but feel that the plaintiff failed to prove that she and her children satisfied the requirements of La.R.S. 22:1253, which provides in pertinent part:
No person shall be considered a dependent, unless he is a member of the family of the deceased employee....
I realize that the Louisiana Supreme Court in Henderson v. Travelers Insurance Company, 354 So.2d 1031 (La.1978), held that a concubine was entitled to benefits as a dependent member of a deceased insured worker's family, and that in Patin v. T. L. James and Company, Inc., 218 La. 949, 51 So.2d 586 (1951), a concubine's nephew living in the household was held to be a dependent and entitled to benefits as a member of the deceased wage earner's family. But the facts here are inapposite. In Henderson, the plaintiff and George Henderson, the deceased wage earner, had lived together as man and wife for eleven years in a stable, loving relationship. Plaintiff took his name and was totally dependent upon him. In Patin, the minor, admittedly not a child of the deceased employee, had lived with and been dependent upon him for almost twelve years as his adopted child.
Here, Alexander Davis was married to Mary Anne Callaway from whom he was legally separated. No children were born of their marriage. Davis had three illegitimate children by Bonnie McGee, namely Antoinette Davis, Lee Davis, and Carolyn Ann Davis. He had a fourth illegitimate *1209 child by Rachel Bertrand, namely, Ezra Bertrand. At the time of his death, he had only resided with Rosemary Castle for sixteen months. Plaintiff's three minor children were issue of her marriage with Joseph Castle, from whom she was divorced, but Castle was under court order to provide child support to his children.
In Henderson, Justice Tate indicated that:
The status as concubine arises when a man and a woman live together in a permanent relationship as husband and wife, although without benefit of matrimony or a putative marriage. See e.g.; Succession of Franz, 232 La. 310, 94 So.2d 270 (1957); Succession of Jahraus, 114 La. 456, 38 So. 417 (1905); Succession of Keuhling, 187 So.2d 520 (La.App. 3d Cir. 1966); Note, 32 Tul.L.Rev. 127 (1957). As we stated in Gauff v. Johnson, 161 La. 975, 977, 109 So. 782, 783 (1926): "* * * the concubine must not be confounded with the courtesan, or even what is ordinarily called a mistress. She is a wife without a title."
We held that a man and a woman living together in this relationship constitute a family for purposes of the workmen's compensation act; therefore, their children are entitled to compensation benefits if the wage earnes is killed at work, as dependent members of the family. Thompson v. Vestal Lumber & Mfg Co., 208 La. 83, 22 So.2d 842 (1945).
354 So.2d at 1033.
Plaintiff, in my opinion, failed to prove that she and Davis lived together in a permanent relationship which could be considered a family under the Worker's Compensation Act. Plaintiff and Davis did not hold themselves out to be husband and wife; they had lived together for only sixteen months; neither plaintiff nor her children used Davis' name; Davis did not claim plaintiff or her children as dependents on his 1978 income tax returns. The trailer home was purchased in plaintiff's name only. The relationship, in my opinion, appeared to be a wholly informal one from which either party might freely withdraw at any time. Davis had withdrawn from at least two earlier arrangements with Bonnie McGee and Rachel Bertrand. It appears to me that the Legislature only meant to provide protection for wage earner's dependents when they were bound to him by stronger ties than appear here.
I concur.
LEAR, Judge, dissenting.
The trial court found that plaintiff could not recover for two reasons. First, plaintiff and her children were not "legal dependents" of decedent, because no legal relationship existed between them, and, second, even if a legal relationship did exist, plaintiff and her children were not actually dependent upon the decedent, both of which are required by LSA-R.S. 23:1231. Thus, the issues on appeal are whether plaintiff and her children were legal dependents, wholly or partially dependent upon decedent's earnings at the time of his death, and if so, the amount of workmen's compensation benefits to be paid to them.
Initially, it must be determined if any others are preferentially entitled to claim these workmen's compensation benefits, because if so, plaintiff is not entitled to them for herself or her children. Henderson v. Travelers Insurance Company, 354 So.2d 1031 (La.1978). The evidence clearly establishes that, except for plaintiff and her children, no one was living with, being supported by or in any way dependent upon decedent at the time of his death. Thus, no one other than claimants, including the third party defendants, was preferentially or in any case entitled to claim these workmen's compensation benefits.
The undisputed facts show that plaintiff, her three minor children and decedent shared a trailer and lived together as a family for approximately sixteen months prior to decedent's death. The funds for purchasing and furnishing the trailer were contributed by both plaintiff and decedent. They pooled their weekly incomes, from which they paid the monthly trailer notes, their utilities, food and other expenses. With the exception of twenty-five or thirty *1210 dollars, decedent gave plaintiff all his weekly earnings in order to pay their expenses and run their household. At times, decedent would endorse his paycheck and give it to plaintiff to cash. Neither plaintiff nor decedent lived with anyone else during this sixteen-month period, and, although decedent was still legally married, they discussed being married in the future. They shared equally in caring for and raising plaintiff's three minor children, and decedent treated plaintiff's children as his own and took the two older boys fishing and hunting in his spare time. They also discussed the possibility of decedent's adopting plaintiff's children.
In the case of Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1945), the Supreme Court defined the term "legal dependent" as follows:
"The word `legal' in the term `legal dependent' ... does not mean legitimateas distinguishing legitimate from illegitimate relations of the deceased employee. The term `legal dependents' means dependents who are legally entitled to compensation under the statute. The term is applicable to actually dependent members of the family of the deceased, as well as the surviving relations who are conclusively presumed to have been dependent upon his earnings for support."
In Thompson, the court held that a man and woman living together, but not married to each other, constitute a family for purposes of the workmen's compensation act and that their illegitimate children were entitled to compensation benefits as dependent members of the family. In Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586 (1951), the court held that even a concubine's nephew living in the household, if dependent on the wage earner, is entitled to workmen's compensation benefits as a member of his family.
In Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958), the court refused to allow compensation benefits to the concubine of the deceased employee. However, in the later case of Henderson v. Travelers Insurance Co., supra, the Supreme Court again addressed this issue. The court in Henderson concluded that a concubine was entitled to workmen's compensation benefits and stated that:
"... In the absence of indication that the legislature desired to exclude concubines from the dependency benefits otherwise allowable under the terms of the statute, we conclude that we erred in Humphreys in importing moral unworthiness as a criterion for eligibility for compensation benefits, and thus excluding dependent concubines alone from the compensation benefits to which all dependent members of the deceased wage earner's family household are entitled by statute. We therefore overrule Humphreys. [Footnote omitted and emphasis by the court.]"
In Henderson, as in this present case, the claimant had three children by a prior marriage, who lived in their home. Although the issue was not directly addressed by the court (because the children were no longer dependent upon the decedent at the time of his death), nothing in Henderson indicates that plaintiff's minor children, if actually dependent upon the decedent at the time of his death, should be excluded from claiming workmen's compensation benefits. The trial court's interpretation and application of the term "legal dependent" in this case is erroneous. Clearly, plaintiff and her children were members of the family of the deceased employee and, if they were actually dependent on decedent, are entitled to claim workmen's compensation benefits. Thompson v. Vestal Lumber & Mfg. Co., supra; Patin v. T. L. James & Co., supra; Henderson v. Travelers Insurance Company, supra; LSA-R.S. 23:1231 and 1253.
Concerning the claimants' actual dependency, the trial court concluded that they were not dependent upon the decedent for support, because plaintiff was gainfully employed at the time of decedent's death and earning and receiving adequate money and other income to provide for herself and her children. This conclusion is contrary to the evidence and clearly wrong.
*1211 In the case of Duos v. Gravier & Harper, 185 So. 665 (La.App. 1st Cir. 1939), a deceased minor gave all of his weekly earnings, in the amount of $12.00, to his parents, and his wages were pooled with those of his father, who also earned $12.00 per week. These two amounts were used to support the parents, the deceased minor and another minor child, who composed the family. Although the father was earning and contributing to the family's support the same amount as the deceased minor child, we found that the parents were dependent upon the decedent's earnings.
Here it is stipulated that decedent earned $344.00 per week and the evidence showed that plaintiff earned approximately $140.00 per week. The evidence was clear and uncontradicted that plaintiff and decedent pooled their incomes and from this fund paid their trailer notes, paid their bills, purchased food and other household necessities and even bought clothes for plaintiff's children. Plaintiff used decedent's automobile for transportation. The record also indicates that plaintiff began receiving approximately $100.00 a month in food stamps after Davis died. Also, decedent's weekly income was more than twice that of plaintiff's. Under these circumstances, it is clear that plaintiff and the children were actually dependent upon Davis' earnings.
In determining whether the parents were wholly or only partially dependent on the decedent for support, we stated in Duos that:
"It is obvious that the parents were not wholly dependent on the decedent for support, as the father contributed the same amount to the common fund as did the deceased son; but it appears equally as obvious that they were dependent on the decedent's whole income, which, aside from the fact that the wages of a minor lawfully belong to the parents, was willingly and cheerfully contributed by him. [Emphasis by the court.]
"It is our view that the term legal dependents who are only partially dependent under the provisions of the section mean dependents who are dependent on part only of the employee's weekly earnings. Thus, where it appears that the decedent contributed all or substantially all of his earnings to the family's support, his legal dependents were wholly dependent upon him. See also Lajaunie v. Rex Ice Cream Co., 62 So.2d 203 (La. App. 1st Cir., 1952); Coulon v. Anderson Bros., 67 So.2d 117 (La.App. 1st Cir., 1953)."
Here decedent retained only twenty-five or thirty dollars from his salary each week, which he used to purchase his lunch at work. Even this amount could be considered a household expense, and in reality a contribution to the support of the family. However, for the reasons expressed below, it is unnecessary to determine whether plaintiff and her children were wholly, or only partially dependent upon Davis.
Under the provisions of R.S. 23:1232(8), payments to plaintiff and her children as "other dependents" are allocated as "thirty-two and one-half percentum of wages for one, and eleven percentum additional for each such dependent in excess of one, subject to a maximum of sixty-five percentum of wages for all, regardless of the number of dependents." If wholly dependent, plaintiff and her children would be entitled to the maximum of sixty-five percent of decedent's wages or $223.60 per week. Even if the amount retained by Davis is found to be thirty dollars per week, and this amount is not considered as having been contributed to the family, Davis' weekly contribution would be $314.00, which is slightly over ninety-one percent of his weekly earnings. Thus, if only partially dependent, plaintiff and her children would be entitled to ninety-one percent of the maximum of sixty-five percent of decedent's wages or $202.96 per week. However, all workmen's compensation benefits are subject to the further maximum contained in R.S. 23:1202, which amount plaintiff admits to be $148.00 per week. Thus, plaintiff and her three minor children are each entitled to receive workmen's compensation benefits in the amount of $37.00 per week for a total of $148.00 per week.
*1212 For the foregoing reasons, I therefore respectfully dissent.
EDWARDS, Judge, dissenting.
I respectfully dissent for the reasons assigned by Judge Lear. However, I believe that plaintiff and her children were only partially dependent upon the decedent. See Malone and Johnson, Louisiana Workmen's Compensation Law, § 310. As Judge Lear points out, though, it is irrelevant whether claimants were wholly or partially dependent, because in either event they would be limited to the statutory maximum of $148.00 per week.
I therefore respectfully dissent.
NOTES
[1] R.S. 23:1231:

"For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases."
[2] R.S. 23:1251:

"The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.
(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution."
[3] R.S. 23:1252:

"In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof."