STOKER, Judge.
In this case we decide whether Betty Jean Hindman (Fincher), as the former concubine of the deceased, Ricky Joe Fincher, is entitled to workers’ compensation benefits under Henderson v. Travelers Insurance Company, 354 So.2d 1031 (La.1978). That case held that a concubine' who was an “other dependent member of the family” of the deceased was not disqualified from receiving workers’ compensation merely because of her unmarried status.
The only significant issue which we find in this case is whether Betty Jean Hindman was in fact dependent on the decedent at the time of his death. Even a wife not living with her husband and not receiving support from him may not claim compensation upon his death to which he would otherwise be entitled. Williams v. Stegman, 154 So.2d 503 (La.App. 2nd Cir.1963), writ refused, 244 La. 1025, 156 So.2d 228 (1963).
This case represents a contest between the surviving parents of Ricky Joe Fincher and Betty Jean Hindman. The matter was *1279 brought on through a concursus proceeding instituted in the district court by the compensation insurer of Ricky Joe’s employer. The insurer, CNA Insurance Company (CNA), impleaded as defendants the mother (Shirley Touchet Cormier), the father (Joe B. Fincher) and Betty Jean Hindman. CNA admits liability for workers’ compensation to either the parents or Betty Jean Hindman. The trial court found that Betty Jean Hindman was not dependent on the deceased and gave judgment to each of the parents for the lump sum benefit provided for in the second paragraph of LSA-R.S. 23:1231. Betty Jean Hindman appeals from this judgment. We affirm.
FACTS
Betty Jean Hindman and Ricky Joe Fincher lived together prior to his death in a stable, if sometimes stormy, relationship. She enjoyed the status of concubine as that status is discussed in the Henderson case and there is no substantial issue on this point.
Unlike the concubine in Henderson, Betty Jean Hindman was not totally dependent on Ricky Joe for the necessities or amenities of living. She had a job from which she earned approximately $800 a month. In fact, her wage at the death of Ricky Joe was higher than his. Ricky Joe earned $5.50 per hour and Betty Jean earned $6.75 per hour. Shortly after Ricky Joe’s death Betty Jean’s wage was increased to $7.50 per hour. She testified that she owned several rent houses in Michigan from which she receives up to $900 a month when all the tenants are paying their rent. She apparently does not make a diligent effort to collect from delinquent tenants. She bought one of those houses with Ricky Joe and apparently owns one-half interest in this property.
A person who otherwise qualifies for workers’ compensation benefits will not be prohibited from recovery merely because that person has income sufficient for support, if it is shown that the decedent’s contributions were relied on by the claimant to maintain claimant’s “accustomed mode of living”. Hurks v. Bossier, 367 So.2d 309 (La.1979). Thus despite the fact that Betty Jean has income of her own, she could nevertheless recover statutory benefits if she could establish that she relied on contributions from Ricky Joe Fincher to maintain her accustomed mode of living. As a matter of fact, Betty Jean Hindman never established that the deceased made any particular or specific contributions.
For the discussions of the necessity of proof of contributions for support see Hurks v. Bossier, supra; Durbin v. Argonaut Ins. Co., 393 So.2d 385 (La.App. 1st Cir.1980) and Stutts v. Liberty Mutual Ins. Co., 416 So.2d 1326 (La.App. 3rd Cir.1982). See also Malone and Johnson, 14 Louisiana Civil Law Treatise (Workers’ Compensation), Section 308 and particularly the first paragraph on page 46.
In Henderson, the claimant was totally dependent on the decedent, who had supported her three children by a prior marriage although they were no longer dependent upon decedent at the time of the death. In that case denial of workers’ compensation death benefits to the concubine would have left her without support. The evidence in the instant case does not indicate that Betty Jean was dependent on the deceased either for necessities or to maintain her in her accustomed mode of living. Betty Jean testified in deposition that she was making ends meet, although it is “tough”. At the time of trial, she testified that she was then living with another man with whom she is sharing the same trailer which she and Ricky Joe occupied. The arrangement appears to be similar to the one she shared with Ricky Joe and which the trial court found to be more of a “partnership” than a “dependency”.
It is evident that Betty Jean is self-sufficient and does not need the protection of workers’ compensation statute. She testified that her salary was increased after Ricky Joe’s death. She is and has been gainfully employed and is capable of providing ample income for herself. If she does not collect as much rent from her rent *1280 houses as she should, the fault appears to be her own.
The trial court disallowed recovery by Betty Jean Hindman because she was not “totally dependent” on the decedent. In our opinion she was neither totally or partially actually dependent on him. The trial court correctly awarded the parents of Ricky Joe the lump sums provided in LSA-R.S. 23:1231.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by the appellant.
AFFIRMED.